## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

RYAN VANWINKLE,       )
             )
      **Plaintiff,**   )
             )
v.            )   **No. 21-CV-343-RAW**
             )
**WAGONER COUNTY SHERIFF'S OFFICE,** )
             )
      **Defendant.**  )

## <u>ORDER</u>

Plaintiff brought this action on November 16, 2021 through a Civil Rights Complaint [Docket No. 2] alleging in his statement of claim possible violations of his civil rights pursuant to various federal statutes.[1]  Plaintiff's claims appear to be in the nature of civil rights complaints arising from his arrest by the Coweta Police Department on July 26, 2021 and are typewritten on a Civil Rights Complaint form, though 42 U.S.C. § 1983 is not cited as statutory authority. Plaintiff states as follows:

 1. Wagoner County Sheriffs Office misandled [sic] evidence and statement on July 24, 2021.
 2.  Wagoner County Sheriffs Office knowingly placed the Plaintiff in a location in the jail as the same location as Tanner King, a man arrested for violently attacking the Plaintiffs wife create [sic] a potential violence and safety risk.
 3.  On October 27, 2021 Wagoner County Sheriffs Office, one day after filing federal lawsuit against Coweta Police Department (21-cv-324-JFH) proceeded to follow and harass the Plaintiff.
 4.  The Plaintiff is in fear of his life, safety, civil liberties and human rights from retaliation from the Wagoner County Sheriff's Office.

---

[1] <u>42 U.S.C. §2000d</u> - regarding exclusion from federally funded programs based on color, race or national origin. <u>34 U.S.C. § 10228</u> – prohibiting discrimination and racial imbalances by law enforcement agencies in the application of grants or federally funded programs.
<u>18 U.S.C. § 242</u> – criminal statute allowing for fines or imprisonment for deprivation of Constitutional rights under color of law.
<u>18 U.S.C. § 1519</u> – criminal statute regarding the destruction of material or falsification of records in Federal investigations and Bankruptcy.
<u>18 U.S.C. § 241</u> – criminal statute regarding criminal conspiracy against rights.

Now before the court is the Motion to Dismiss filed by Defendant Wagoner County Sheriff's Office [Docket No. 11]. Plaintiff filed a response titled Cause to Why Defendants Motion to Dismiss Should be Denied [Docket No. 20] after the court issued a Show Cause Order [Docket No. 17].

Defendant Wagoner County Sheriff's Office moves for dismissal of all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in Plaintiff's Complaint and construes those facts in the light most favorable to Plaintiff. *See Western Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)( "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).

To survive the Rule 12(b)(6) motions to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

2

(quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).  In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

> [T]he *Twombly / Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.  In other words, Rule 8(a)(2) still lives.  Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

Plaintiff is proceeding *pro se* in this matter.  The court construes liberally the pleadings of all *pro se* litigants.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'"  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...."  Fed. R. Civ. P. 8(a).  To be sufficient, the statement must "'give the defendant fair notice of what the …claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U./s. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant Wagoner County Sheriff's Office filed its Motion to Dismiss requesting the court dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.

3

Plaintiff claims the Defendant mishandled evidence and a statement, but provides no specifics as to the nature of the mishandling, who did the mishandling, or the items or category of items mishandled.  Further,  Plaintiff states that he was jailed with a man arrested for violently attacking Plaintiff's wife, though he does not allege any incident or injury as a result of the alleged confinement.  Plaintiff complains of  being followed and harassed by Wagoner County Sheriff's Office one day after filing suit against the Coweta Police Department.  He provides no details as to individuals involved, the nature of the harassment or that the Wagoner County Sheriff's Office was even aware of the lawsuit.  Plaintiff summarizes these allegations by broadly proclaiming that he is in fear of his life, safety, civil liberties and human rights from retaliation from the Wagoner County Sheriff's Office.  Plaintiff does not, however, provide sufficient facts as to the actions of defendant which would give rise to a claim under 42 U.S.C. § 1983 or any other statute or underlying constitutional violation.

The court finds that Plaintiff has failed to identify a constitutional violation perpetrated by the Wagoner County Sheriff's Office.  The Complaint provides mere conclusory statements that are not sufficiently supported by facts to assert jurisdiction, identify a proper Defendant, make a proper claim for relief or provide the Defendant with an idea of what the Plaintiff is actually claiming.  Further, from Plaintiff's asserted allegations against the Defendant, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief against the Wagoner County Sheriff's Office.

For the reasons stated above, the Motion to Dismiss by the Wagoner County Sheriff's Office [Docket No. 11] is GRANTED.

IT IS SO ORDERED this 30th day of March, 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA